SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@semnarlawfirm.com
Jared M. Hartman, Esq. (SBN 254860)
jaredhartman@jmhattorney.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff

# U.S. DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RADLE, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PRO CUSTOM, a business entity, form unknown; and DOES 1-10,<br><br>　　　　　Defendants. | Case No.: '15CV0366 BEN NLS<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>　1. **U.S. SERVICEMEMERS CIVIL RELIEF ACT, 50 U.S.C.S. APPX § 501,** *et seq.*<br>　2. **CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE 1788,** *et seq.* |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, an individual, by and through his attorneys of record, BABAK SEMNAR JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to challenge the actions of Defendant PRO CUSTOM (hereinafter "Defendant") for violating his rights as a deployed U.S. Marine when Defendant executed a non-judicial lien sale upon Plaintiff's vehicle being stored

1
**Complaint for Damages**

1   at Defendant's location during Plaintiff's period of deployment.

2. This action arises out of Defendant's violations of the U.S. Servicemembers' Civil Relief Act (50 U.S.C.S. APPX § 501, *et seq*.) ("USSCRA"), and the California Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788-1788.32) ("RFDCPA").

3. In 50 USCS Appx § 502, the U.S. Legislature made the following findings and purpose in creating the USSCRA:

> The purposes of this Act are—
>
> (1) to provide for, strengthen, and expedite the national defense through protection extended by this Act [50 USCS Appx §§ 501 et seq.] to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature issued the following findings and purpose in creating the RFDCPA:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

2
**Complaint for Damages**

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION & VENUE

5. This action arises out of Defendant's violations of the USSCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 50 U.S.C.S. APPX § 597a; and the State of California RFDCPA, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

6. Because Defendant conducts business within the State of California and is physically located at 303 South Coast Highway in the City of Oceanside, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the County of San Diego and because Defendant is located within the County of San Diego, venue properly lies in this court.

## PARTIES & DEFINITIONS

8. Plaintiff is a natural person whose residence is at Camp Pendleton, State of California.

9. Defendant regularly does business in the State of California and is physically located in the City of Oceanside.

10. Pursuant to 50 U.S.C.S. APPX § 511(1), Plaintiff is a "servicemember", as he is an Active Duty member of the U.S. Marine Corps, which is included within the

3
**Complaint for Damages**

definition of "the uniformed services" and "the armed forces" pursuant to 10 U.S.C. § 101(a)(4)-(a)(5).

11. The actions complained of herein occurred during Plaintiff's "military service" as defined in 50 U.S.C.S. APPX § 511(2)(A)(i), as Plaintiff has at all times relevant herein served full-time duty as an active member of the U.S. Marine Corps within the meaning of 10 U.S.C. § 101(d)(1).

12. As a natural person, Plaintiff is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the RFDCPA.

13. Plaintiff, a natural person, is both a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the RFDCPA, because he entered into a consumer credit transaction for Defendant to provide goods and services for Plaintiff to pay in the future, and for which Defendant has still been collecting payments from Plaintiff even after Defendant took possession of the goods and re-sold them to someone else.

14. The credit extended by Defendant constitutes a "consumer credit transaction" with Plaintiff, as that term is defined by California Civil Code § 1788.2(e) of the RFDCPA, because the goods and services were provided by Defendant to Plaintiff without payment being exchanged at the time of transaction, and in exchange for Plaintiff paying Defendant over the course of time.

15. Because Plaintiff, a natural person, was allegedly obligated to pay money to Defendant for goods installed upon Plaintiff's vehicle, the money allegedly owed was therefore both a "consumer debt" as that term is defined by California Civil Code §

1788.2(f) of the RFDCPA and a "debt" as that term is defined by California Civil Code § 1788.2(d) of the RFDCPA.

16. Defendant, in the ordinary course of business, regularly, and on behalf of themselves, engages in the practice of collecting "consumer debts", in that they regularly install goods upon customer's vehicles in exchange for the charges to be paid in the future over a series of payments, and Defendant therefore engages in "debt collection" as that term is defined by California Civil Code section 1788.2(b) of the RFDCPA.

17. Because Defendant engages in "debt collection", Defendant is therefore a "debt collector" as that term is defined by California Civil Code section 1788.2(c) of the RFDCPA.

## FACTUAL ALLEGATIONS

18. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

19. At all times relevant herein, Plaintiff is and was a full-time active duty member of the U.S. Marine Corps.

20. Sometime in approximately January 2013, Plaintiff agreed for Defendant to install rims and a stereo system upon Plaintiff's vehicle in exchange for Plaintiff agreeing that the charges for such goods and services would be paid in the future by way of automated deduction of approximately $64.05 out of each paycheck every two weeks.

21. Thereafter, sometime in approximately June of 2013, Plaintiff took his vehicle to Defendant's location in the City of Oceanside for Defendant to provide maintenance work upon the vehicle after it sustained significant damage out of a motor vehicle accident.

22. On September 23, 2013, Plaintiff received notification from his Commanding Officer that his Marine Corps unit had been ordered to deploy for at least 180 days, to return in April of 2014.

23. Plaintiff promptly notified Defendant's store owner—Sean [Last Name Unknown]—of his recent order to deployment.

24. Plaintiff then was informed that the work upon his vehicle would not be completed by the time Plaintiff was to leave for deployment.

25. Sean promised to store Plaintiff's vehicle at their location until Plaintiff's return from deployment.

26. Plaintiff then left for deployment with the peace of mind that his vehicle would be stored and secured pending his return from deployment.

27. Unfortunately, however, when Plaintiff returned from deployment on or about April 23, 2014, he discovered for the first time that Defendant had sold his vehicle through a non-judicial lien sale to recoup the costs for services performed upon his vehicle, which was approximately $2,200.00.

28. Defendant executed the lien sale without first obtaining a court order.

29. Upon Plaintiff's return from deployment and discovering the lien sale,

6
**Complaint for Damages**

1  Plaintiff inquired as to why Defendant sold the vehicle after promising to hold it and
2  was confronted with the false allegation that Plaintiff had abandoned the vehicle.

3      30.    Plaintiff has never received any funds from Defendant that came out of the
4  lien sale.

5      31.    This vehicle was a 2010 Chevy Impala in excellent condition with
6  approximately 80,000 miles.

7      32.    Plaintiff purchased the vehicle in November of 2012 for approximately
8  $14,416.00.

9      33.    Since his return from deployment on or about April 23, 2014, Plaintiff has
10 been paying approximately $360.00 per month to the company that financed Plaintiff's
11 purchase of the vehicle so as to not go into default on the loan and destroy his
12 creditworthiness, which has caused Plaintiff to be so financially strapped that he cannot
13 afford to purchase another vehicle to replace the one sold by Defendant.

14     34.    Defendant has always been withdrawing out of Plaintiff's paychecks every
15 two weeks since January 2013 approximately $64.05 for the accessories installed upon
16 the vehicle by Defendant, which means Plaintiff has been paying these funds for goods
17 that he no longer has the enjoyment of using as a result of Defendant's unlawful lien
18 sale.

19     35.    Since his return from deployment on or about April 23, 2014, Plaintiff has
20 been without a vehicle and has been forced to suffer the embarrassment of asking for
21 rides from his friends to physical therapy sessions at least three times per week, which

1 Plaintiff is required to attend as a result of suffering an injury during deployment.

2     36. This ordeal has caused Plaintiff to suffer emotional distress and mental anguish in that he has had to suffer embarrassment by asking for rides from his friends to his physical therapy sessions at least three times per week, and has experienced anger, frustration, anxiety, embarrassment, and feelings of hopelessness and fear over whether he will be able to afford to pay for another vehicle and make other monthly living expenses since he is paying approximately $360.00 per month to the financing company for a vehicle that he no longer has.

**FIRST CAUSE OF ACTION**
**U.S. SERVICEMEMBERS CIVIL RELIEF ACT**
**50 U.S.C. APPX. § 501,** *et seq.*

    37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

    38. Pursuant to 50 U.S.C. APPX. § 537(a)(1), no person may foreclose or enforce any lien upon a servicemember's property or effects during or 90 days after a servicemember's military service, without first obtaining a court order to do so.

    39. Pursuant to 50 U.S.C. APPX. § 537(a)(2), a lien includes "a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason.

    40. Pursuant to the holding of *United States v Bomar* (1993, CA5 Tex) 8 F.3d 226, a lien under this definition includes a mechanic's lien for services performed upon a vehicle.

41. Because Defendant promised to hold Plaintiff's vehicle during his period of deployment, and Plaintiff has satisfied all foundational definitions for protection under the USSCRA, and Defendant thereafter enforced a lien sale upon Plaintiff's vehicle during his deployment without first obtaining a court order to do so, Defendant therefore violated 50 U.S.C. APPX. § 537(a).

42. Pursuant to 50 U.S.C. APPX. § 537(b), such a violation amounts to a criminal act, punishable as a misdemeanor by fines and/or imprisonment up to one year.

43. Pursuant to 50 U.S.C. APPX. § 597a, Plaintiff is entitled to recover actual damages by way of loss of use of the vehicle, loss of the value of the vehicle, loss for out of pocket monies paid monthly to the vehicle financing company, and emotional distress and mental anguish, in addition to attorneys' fees and costs of litigation.

44. Pursuant to 50 U.S.C. APPX. § 526, the period of military service tolls any applicable statute of limitations. Since Plaintiff returned from deployment on or about April 23, 2014, his filing of the instant Complaint within one year of return satisfies the statute of limitations.

45. Pursuant to 50 U.S.C. APPX. § 597b, Plaintiff is entitled to recover punitive damages.

46. Because Defendant promised to hold and secure Plaintiff's vehicle during his deployment, but thereafter sold the vehicle unlawfully and has since failed to provide to Plaintiff any difference between the value of the sale and the value of Defendant's services, Defendont therefore acted with malice and reckless disregard of

Plaintiff's rights and entitles Plaintiff to recover punitive damages for the same as punishment.

47. Because Defendant regularly advertises and markets to military members, Defendant deserves punitive damages as a mechanism of deterrence to prevent similar abusive conduct towards other military customers.

## SECOND CAUSE OF ACTION
## CALIF. ROSENTHAL ACT
## CALIF. CIV. CODE §§ 1788-1788.32

48. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

49. By continuing to collect every two weeks out of Plaintiff's paycheck for goods that were recovered by Defendant and re-sold to someone else, Defendant has committed the following violations of the Federal FDCPA:

    a. Engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA;

    b. Uttered false, deceptive, and misleading representations in connection with their attempt to collect a debt in violation of 15 U.S.C. § 1692e of the Federal FDCPA;

    c. Falsely represented the character and legal status of any debt in violation of 15 U.S.C. § 1692e(2) of the Federal FDCPA;

    d. Attempted an action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5) of the Federal FDCPA;

e. Used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10) of the Federal FDCPA; and

f. Used unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA.

50. All of the above violations of the Federal FDCPA are incorporated into the RFDCPA via Calif. Civil Code § 1788.17, and are therefore all violations of the Rosenthal Act.

51. As a result of these violations, Plaintiff suffered severe emotional distress as described in the factual allegations above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**As to the First Cause of Action (USSCRA):**

1. Actual damages, as will be proven at trial, pursuant to 50 U.S.C. APPX. § 597a;

2. Punitive damages for malice, as a mechanism for punishing Defendant and for deterrence to prohibit future violations against other military members, pursuant to 50 U.S.C. APPX. § 597b;

3. Punitive damages for reckless disregard, as a mechanism for punishing Defendant and for deterrence to prohibit future violations against other military

members, pursuant to 50 U.S.C. APPX. § 597b;

4. Any reasonable attorney's fees and costs to maintain the instant action, pursuant to 50 U.S.C. APPX. § 597a;

5. Any other equitable relief that the Court may deem appropriate.

**As to the Second Cause of Action (RFDCPA):**

1. An award of actual damages pursuant to California Civil Code section 1788.30(a), as will be proven at trial;

1. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

2. An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

3. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code section 1788.30(c).

DATED: 2/19/2015                /s/ Jared M. Hartman, Esq.
                                JARED M. HARTMAN, ESQ.
                                Attorney for Plaintiff

///

///

///

**Complaint for Damages**

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 2/19/2015            /s/ Jared M. Hartman, Esq.
                            JARED M. HARTMAN, ESQ.
                            Attorney for Plaintiff,